

FILED

MAR 1 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIC RODNEY HILL,                          :
                                           :
              Petitioner,                  :
                                           :
       v.                                  :      Civil Action No. 08 0679
                                           :
BRIAN R. JETT,                             :
                                           :
              Respondent.                  :

## MEMORANDUM OPINION

This matter comes before the Court on petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of habeas corpus.[1]

Once again, petitioner challenges his conviction in and the sentence imposed by the Superior Court of the District of Columbia. And again, the Court concludes that challenges of this nature must be brought by motion in the Superior Court under D.C. Code § 23-110. In relevant part D.C. Code § 23-110 provides:

> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless

---

[1]      This action was transferred here from the United States District Court for the Eastern District of Virginia.

1

(N))                                                                    4

the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Accordingly, the Court will dismiss the petition. An Order consistent with this Memorandum Opinion will be issued separately on this date.

_____
United States District Judge

Date: 4/8/08



FILED

APR 1 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIC RODNEY HILL,                          :

        Petitioner,                          :

                                             :

v.                                          :       Civil Action No. 08 0679

                                             :

BRIAN R. JETT,                              :

        Respondent.                          :

## MEMORANDUM OPINION

This matter comes before the Court on petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of habeas corpus.[1]

Once again, petitioner challenges his conviction in and the sentence imposed by the Superior Court of the District of Columbia. And again, the Court concludes that challenges of this nature must be brought by motion in the Superior Court under D.C. Code § 23-110. In relevant part D.C. Code § 23-110 provides:

> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless

---

[1]    This action was transferred here from the United States District Court for the Eastern District of Virginia.

(N)                                                                     4

the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v.*

*Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*,

794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Accordingly, the Court will dismiss the petition. An Order consistent with this

Memorandum Opinion will be issued separately on this date.

Royce C. Lamberth
United States District Judge

Date: 4/8/08

2